IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRIMARK FOODCRAFT, LLC<br>Plaintiff,<br><br>vs.<br><br>WISCONSIN HOSPITALITY GROUP, LLC<br><br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT** |

COMES NOW, Plaintiff TriMark Foodcraft, LLC ("TriMark" or "Plaintiff"), with its Complaint ("Complaint") against the Defendant Wisconsin Hospitality Group, LLC, ("WHG"), on the following grounds:

## NATURE OF THE ACTION

1. This action arises from WHG's failure to satisfy its obligation to pay TriMark for foodservice equipment, which WHG fraudulently induced TriMark to provide despite having no intent to pay. WHG entered agreements and issued a fraudulent guarantee purportedly from Applebee's parent corporation (Dine Brands Global, LLC) as part of a conspiracy to gain TriMark's trust in delivering these very expensive and specialized products and services for use at its Applebee's restaurant, located at 1834 Miller Park Way, West Milwaukee, WI 53214 (the "Applebee's Project"). WHG is presently operating that restaurant using equipment misappropriated from TriMark. As a result of the WHG's wrongful actions, inactions, and misrepresentations, TriMark has sustained significant and substantial damages. In addition to recovery of the full amount owed, TriMark is entitled to recover its reasonable and necessary attorneys' fees incurred pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

1

## THE PARTIES

2. The Plaintiff TriMark Foodcraft, LLC, is a Delaware Limited Liability Corporation located at 2601 Hope Church Rd., Winston-Salem, North Carolina 27103.

3. The Defendant Wisconsin Hospitality Group, LLC, is a Wisconsin Limited Liability Corporation located at 2120 Pewaukee, Rd., Ste., 200, Waukesha, WI 53188. WHG can be served through its registered agent, Timothy J. Randall, at 2120 Pewaukee, Rd., Ste., 200, Waukesha, Wisconsin 53188.

## JURISDICTION, VENUE & CHOICE OF LAW

4. Upon information and belief, WHG is a company formed, existing, and located in the Wisconsin and it has no members who are citizens or residents of the State of North Carolina.

5. TriMark Foodcraft, LLC, is a Delaware company with its principal place of business located in North Carolina. It has no offices in the Wisconsin and no members who are citizens or residents of Wisconsin.

6. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because it is between citizens of different States, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Venue is proper in this Court under 28 U.S.C. 5§§ 1391(a) and 1391(b) because a substantial part of the events and omissions material to TriMark's causes of action occurred in this District, the property that is the subject of the action is situated in this District, and WHG is subject to personal jurisdiction in this District at the time this action is commenced.

## FACTS RELEVANT TO THE CLAIMS

8. TriMark is a specialist in the business of furnishing and installing equipment and fixture packages for hotels, restaurants, resorts, prisons, stadiums, hospitals and other business establishments catering to the public and located nationally and abroad.

9. WHG is a franchisee of Applebee's restaurants. To open, run, and operate the Applebee's Project, WHG needed to acquire large scale foodservice equipment, such as walk-in freezers, ovens, and beer taps.

10. On January 18, 2018, WHG executed an agreement to procure foodservice equipment from TriMark for the amount of $297,740.26, for use at the Applebee's Project. **Exhibit A**.

11. Days after executing that order—and because of its history of late payment on other projects and TriMark's concern over filling the order—WHG wrote to TriMark to certify that Applebee's parent company, Dine Brands, was guaranteeing payment on the project and would be releasing payment through Chicago Title. **Exhibit B**. This representation of WHG was false and fraudulent—Dine Brands never agreed to back to deal—and the misrepresentation was made for the sole purpose of inducing TriMark to perform the work under the Agreement, and TriMark did reasonably rely on that misrepresentation in performing that work.

12. That fraudulent and material misrepresentation—among others—was intentionally made by WHG with the express purpose of inducing TriMark to rely on the same, and TriMark did reasonably rely to its detriment by continuing to deliver products and services to WHG for which they now refuse to pay.

13. As a result of WHG's willful, knowing, purposeful, fraudulent and negligent acts and omissions, TriMark has been caused to suffer severe and substantial financial damages for which the WHG is liable.

14. In addition to recovery of the full amount owed, TriMark is entitled to recover its reasonable and necessary attorneys' fees incurred pursuant to the Declaratory Judgement Act. 28 U.S.C. § 2201.

## CONDITIONS PRECEDENT

15. All conditions precedent to the filing of this lawsuit have been satisfied, and this matter is a ripe and justiciable controversy.

16. The agreement states that TriMark will provide certain goods and services to WHG and that WHG will pay for those goods and services.

17. TriMark satisfied all of its obligations under the agreement, but WHG has repudiated their obligation to pay TriMark, making this a ripe and justiciable controversy.

## FIRST CLAIM: BREACH OF CONTRACT

18. TriMark incorporates by reference each of the preceding paragraphs as if fully set forth herein.

19. A valid and enforceable contract exists between WHG and TriMark. TriMark diligently prosecuted and completed its work on the Applebee's Project at the direction of WHG. TriMark satisfied all of its obligations under the Agreement. WHG materially breached the contract by failing to pay the outstanding amounts due and owing to TriMark as set forth in its invoices for the Applebee's Project. True and correct copies of the invoices are attached, and incorporated by reference, to this Complaint as **Exhibit C**.

20. WHG breached the terms of its Agreement with TriMark by refusing to pay for the goods and services provided by TriMark under the Agreement.

21. TriMark has suffered direct and consequential damages by reason of WHG's breach in an amount in excess of all jurisdictional limits and to be determined at trial. WHG is liable to TriMark for its direct and consequential damages and for reimbursement of TriMark's costs and attorneys' fees incurred by having to bring this action.

## SECOND CLAIM: QUANTUM MERUIT

22. TriMark incorporates by reference each of the preceding paragraphs as if fully set forth herein.

23. In the alternative to Count 1, if such be necessary and without waiving any of the foregoing, TriMark provided WHG with the goods, materials, equipment and services detailed in Exhibit A. As a direct result of TriMark providing WHG with such goods, materials, equipment and services, a benefit was conferred on WHG. WHG accepted the benefit of TriMark' goods, materials, equipment and services, but have refused to pay for them. TriMark reasonably expects payment for the goods, materials, equipment and services provided because TriMark has provided similar goods, materials, equipment and services to others in the past and has been paid for such similar goods, materials, equipment and services.

24. WHG will be unjustly enriched in the amount claimed by TriMark herein if allowed to retain the benefit conferred on WHG without payment for the reasonable value of the goods, materials, equipment and services provided by TriMark as described herein.

25. As a result of WHG's nonpayment, TriMark has been damaged and is entitled to recover the reasonable value of the goods, materials, equipment and services provided to WHG. The reasonable value of the goods, materials, equipment and services provided to WHG, for which

no payment has been made, is $77,405.70. TriMark is entitled to recover from WHG at least $77,405.70 in damages, plus all interest, costs and attorneys' fees as allowed by law.

### THIRD CLAIM: PROMISSORY ESTOPPEL

26. TriMark incorporates by reference each of the preceding paragraphs as if fully set forth herein.

27. In the alternative to Count 2, WHG made a promise to TriMark that WHG did not keep. TriMark provided valuable services and materials to WHG. In requesting that TriMark provide subcontract labor and materials for the Project, WHG promised to pay TriMark' invoices. While WHG paid some of the amounts owed, $77,405.70 of TriMark's invoices remains unpaid. TriMark reasonably and substantially relied on WHG's promise to TriMark's detriment. TriMark's reliance on WHG promise to pay was foreseeable by WHG. Injustice can be avoided, therefore, only by enforcing WHG's promise.

28. TriMark is entitled to recover damages of $77,405.70, plus all interest, costs and attorneys' fees as allowed by law.

### FOURTH CLAIM: NEGLIGENT MISREPRESENTATION/CONSTRUCTIVE FRAUD

29. TriMark incorporates by reference each of the preceding paragraphs as if fully set forth herein.

30. WHG made numerous false statements of material fact and withheld or failed to convey material information to TriMark which WHG had a duty to disclose to TriMark, as set forth more fully in this Complaint.

31. TriMark reasonably relied on the false and withheld information provided by WHG.

32. These misrepresentations and omissions were material in that they caused TriMark to continue performing its obligations under, and not to terminate, the Agreement, and because they prevented TriMark from avoiding the damages it suffered as a result of WHG's misconduct, including unreimbursed expenditures it made, and other costs it incurred.

33. The WHG's negligent misrepresentations also deprived TriMark of its right to receive payment because WHG negligently lulled TriMark into believing that payment would occur, when in fact, WHG were taking steps to prevent TriMark from receiving payment.

34. Due to their close working relationship on the Applebee's Project for nearly a year, the WHG knew that TriMark relied on information that the WHG were providing regarding all aspects of the Applebee's Project.

35. WHG's actions have caused damages to TriMark in an amount to be proven at trial.

## FIFTH CLAIM: FRAUD

36. TriMark incorporates by reference each of the preceding paragraphs as if fully rewritten herein.

37. WHG made numerous material false statements to TriMark and omissions of fact, as set forth in more detail in this Complaint, including, but not limited to, misrepresentations concerning their intent to pay for the products and services ordered from TriMark, and through the fraudulent Dine Brand's guarantee that they issued in order to assure TriMark of such payment.

38. Those misrepresentations and omissions were material in that they caused TriMark to continue performing its obligations under, and not to terminate, the Agreement, and because they prevented TriMark from avoiding the damages it suffered as a result of WHG's conduct, unreimbursed expenditures it made, and other costs it incurred.

7

39. The WHG's fraudulent misrepresentations also deprived TriMark of its right to receive payment because WHG wrongfully and intentionally lulled TriMark into believing that payment would be made, when in fact, WHG were taking steps to prevent TriMark from receiving payment.

40. WHG unlawfully, wrongfully, and fraudulently secured and retained TriMark's efforts and expenditures as WHG's kitchen designer and provider of all equipment necessary to run the Applebee's Project without WHG paying TriMark what WHG had agreed to pay TriMark in return. WHG knowingly made the misrepresentations set forth in this Complaint to TriMark, which were accompanied by fraud, ill will, recklessness, wantonness, oppressiveness, and willful disregard of TriMark's rights with evil motive or actual malice.

41. WHG made the misrepresentations and omissions set forth above knowing them to be false, or they were aware that they did not know whether such misrepresentations were true or false, and WHG made those misrepresentations and omissions with the intent to have TriMark act in reliance on them.

42. TriMark relied on those misrepresentations and its reliance was justified.

43. By relying on the misrepresentations, TriMark sustained significant damages in an amount to be proven at trial

## SIXTH CLAIM: DECLARATORY JUDGMENT

44. TriMark incorporates by reference each of the preceding paragraphs as if fully set forth herein.

45. TriMark seeks a declaratory judgment under 28 U.S.C. § 2201. Pursuant to 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and obligations of

the parties to this lawsuit and to grant such other and further relief as may be necessary to enforce the rights and obligations of parties:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon a filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

46. An actual, real, and justiciable controversy exists between the parties as evidenced by WHG'S refusal to honor their contractual obligations to TriMark in violation of the parties' agreement.

47. Accordingly, TriMark seeks a declaration that:

   a. WHG is liable to TriMark in full for all amounts due and owing to it in amount no less than $77,405.70

   b. WHG is obligated to reimburse TriMark' costs and attorney's fees.

   c. TriMark is entitled to court costs.

WHEREFORE, TriMark prays that WHG be cited to appear and file an answer herein, and that TriMark have and recover judgment of and from WHG for the following:

a. Actual damages in the amount of at least $77,405.70;

b. Pre-judgment interest and post-judgment interest on any sums awarded at the legal rate, as permitted by law, until paid;

c. Reasonable and necessary attorneys' fees through trial, together with conditional attorneys' fees for appeals;

d. Judgment against WHG via a declaration in accordance with Count 6 (Declaratory Judgment) herein;

e. All taxable costs of court; and

Such other and further relief, both general and special, at law and in equity, to which TriMark may show itself to be justly entitled.

Dated at Milwaukee, Wisconsin this 10th day of June, 2019.

                                  FOX, O'NEILL & SHANNON, S.C.
                                  Attorneys for Plaintiff

                                  BY *[signature]*
                                      MATTHEW W. O'NEILL

P.O. Address:
622 North Water Street
Suite 500
Milwaukee, WI 53202
(414) 273-3939
mwoneill@foslaw.com